UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY et al.,<br><br>　　　　　　　　Defendants. | Case No.: 20cv2501-CAB-AHG<br><br>**ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS [Doc. Nos. 5 and 6]** |

　　　　Plaintiff, a non-prisoner, proceeding *pro se*, has filed a complaint asserting various federal and state claims arising out of a traffic stop on October 25, 2020. [Doc. No. 1.] On March 5, 2021, Defendant County of San Diego (erroneously sued as San Diego County) filed a motion to dismiss Plaintiff's Complaint. [Doc. No. 5.]  On March 5, 2021, Defendants State of California, by and through the California Highway Patrol, Officer J. Jalomo, and Sergeant Matheson (hereinafter the "CHP Defendants") filed a motion to dismiss. [Doc. No. 6.] On March 24, 2021, Plaintiff filed an opposition to the motions to dismiss. [Doc. No. 12.] On April 1, 2021, Defendants filed replies to the opposition. [Doc. Nos. 13, 14.]  The motions are fully briefed, and the Court deems them suitable for submission without oral argument.  For the reasons set forth below, the motions to dismiss are **GRANTED in part**.

ALLEGATIONS OF COMPLAINT

Plaintiff alleges that a CHP officer named Officer J. Jalomo pulled him over on October 25, 2020 without probable cause while Plaintiff was driving in his private vehicle. Complaint at ¶ 2. Officer Jalomo allegedly used a confrontational tone, demanded Plaintiff's driver's license, and stated that Plaintiff was not free to go and would be issued a citation. *Id*. at ¶¶ 3-4. Officer Jalomo allegedly also told Plaintiff that if he did not sign the citation Plaintiff "would be stripped of his freedom and his property seized and thrown in jail." *Id*. at ¶ 4. Plaintiff alleges that he then showed Officer Jalomo his driver's license while under duress. *Id*. at ¶ 6. Officer Jalomo then ordered Plaintiff to step out of the vehicle and said that the vehicle would be impounded.[1] *Id*. at ¶ 7.

Plaintiff refused to step out of his vehicle, and Officer Jalomo called for back-up. *Id*. at ¶¶ 7-8. Plaintiff alleges that a second CHP officer then arrived and trespassed into the vehicle to forcibly remove Plaintiff. *Id.* at ¶ 9. He alleges that the CHP officers then violated his Fourth Amendment rights and his right to compensation for the taking of private property by impounding his vehicle. *Id*. at ¶ 10.

Plaintiff alleges that another CHP officer acting in a supervisory role also came to the scene, was deliberately indifferent to the violations of Plaintiff's rights, and failed to "remedy the officer's actions and behavior." [sic]. *Id.* at ¶ 11. Plaintiff further alleges that "the San Diego County California Highway Patrol" has a policy and practice of facilitating the type of conduct alleged in the Complaint,

> [B]y failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading CHP employees to believe their actions will never be scrutinized and in that way directly encouraging future abuses such as those affecting Plaintiff.

*Id*. at ¶ 23.

Based on the above allegations, Plaintiff has brought this lawsuit against Officer

---

[1] The vehicle report attached to Plaintiff's complaint indicates that the vehicle was being towed because Mr. Perez' license was suspended.  [Doc. No. 1 at 12.]

Jalomo, unknown officers, the CHP, and the County asserting a claim for unreasonable search and seizure in violation of 42 U.S.C. § 1983. He has also asserted claims against unspecified defendants for false arrest; failure to intervene; unlawful trespass pursuant to 25 CFR § 11.411 and California Penal Code section 602.8; and violation of State of California Executive Order No. D-78-89.

## DISCUSSION

A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"— generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, id., or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

/ / / / /

B. Analysis.

There are six counts in the Complaint. Counts I – III are claims against various defendants for constitutional violations pursuant to 42 U.S.C. Section 1983. Count V is entitled "Failure to Intervene" and discusses violation of "Plaintiff's constitutional rights" but does not indicate if it is brought under Section 1983. Counts IV and VI are state law claims.

1. State law claims.

Plaintiff's state law claims as to all defendants fail for several reasons. First, the state law claims appear to be precluded by California Government Code section 950.2, which provides that "a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred unless a timely claim has been filed against the employing public entity." Here, Plaintiff has not alleged compliance with Section 950.2, nor has he addressed the matter in his opposition.

Second, Plaintiff's claims for unlawful trespass under 25 C.F.R. §11.411 and California Penal Code section 602.8 (Count VI), and for violation of Executive Order No. D-78-89 (Count IV), fail because those regulations/statutes/orders do not provide a private right of action. 25 C.F.R. Section 11.411 is part of a body of regulations "for the administration of justice for Indian tribes in those areas of Indian country where tribes retain jurisdiction over Indians that is exclusive of State jurisdiction but where tribal courts have not been established to exercise that jurisdiction." 25 C.F.R. §11.102. Thus, while Section 11.411 provides a means to criminally prosecute trespassing in "Indian country," it does not provide a private right of action in a civil action. Similarly, Penal Code section 602.8, which is not limited to "Indian country," also provides a means to criminally prosecute trespass, but does not provide a private right of action. Finally, there is also no private right of action under Executive Order D-78-89, which pertains to takings of real property for public improvements or public works. Therefore, the state law claims are barred.

   2. Defendant County.

As noted by the County, none of the allegations in the Complaint pertain to the County. The allegations pertain solely to the CHP and the alleged actions of CHP officers. The CHP, however, is a state law enforcement agency that is not affiliated with the County.[2] Because the CHP is a state law enforcement agency that is not affiliated with the County and Plaintiff's allegations pertain solely to the CHP, the actions of CHP officers, and unspecified policies and practices of the CHP, the Complaint fails to state facts sufficient to sustain any claim for relief against the County.

   3. Defendant CHP.

The CHP is a California state agency and is therefore immune from suit under the Eleventh Amendment. *See McCain v. California Highway Patrol*, No. 11-1265, 2011 WL 3439225, at *3(E.D. Cal. Aug. 4, 2011)(citations omitted).

Counts I-III, and possibly V, are brought pursuant to Section 1983. However, "[n]either states nor state officials acting in their official capacities are 'person[s]' within the meaning of section 1983 when sued for damages." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, fn. 10 (1989). Therefore, the Section 1983 damages claims against the CHP and any CHP officials acting in their official capacity are barred.

   4. Sargeant Matheson.

Defendant Sergeant Matheson's name is mentioned only once, in the first paragraph of the Complaint, when Plaintiff names Sergeant Matheson as someone he is suing. [Doc. No. 1.] Thereafter, there are no factual allegations about Sergeant Matheson. Therefore, the complaint fails to state a claim against that defendant.

   5. Federal Rule of Civil Procedure 8.

Defendants argue that the entire Complaint should be dismissed pursuant to Rule

---

[2] Defendant's request for judicial notice [Doc. No. 5-3] is **GRANTED** pursuant to Fed.R.Evid. 201 because it is a fact "generally known within the trial court's territorial jurisdiction." *See also O'Leary v. California Highway Patrol*, 923 F.2d 862 (9th Cir. 1991)("Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983.")

41(b) for failure to comply with Rule 8 because the complaint does not allege any facts about the status of the underlying criminal action and/or citation issued by Officer Jalomo to Plaintiff.  The Court agrees that this information is necessary to determine whether the case may be barred by the *Younger*[3] abstention doctrine, the *Rooker Feldman*[4] abstention doctrine, or the *Heck*[5] doctrine regarding invalidating state court convictions.  However, these issues are better addressed in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or in a post-pleading motion.  Therefore, the motion to dismiss the entire complaint on this basis is DENIED WITHOUT PREJUDICE to being asserted in a Rule 12(b)(1) motion, or a post-pleading motion.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. The motions to dismiss the state law claims (Counts IV and VI) are **GRANTED WITHOUT LEAVE TO AMEND** as to all defendants;

2. The motions to dismiss the remaining claims are **GRANTED WITH LEAVE TO AMEND;**

3. The motion to dismiss the entire complaint for failure to comply with Rule 8 regarding the status of the underlying criminal action and/or citation issued by Officer Jalomo to Plaintiff is **DENIED WITHOUT PREJUDICE** to being asserted in a Rule 12(b)(1) motion or a post-pleading motion;

4. Plaintiff shall have until **May 27, 2021,** to file a First Amended Complaint that cures the deficiencies noted above.  If no First Amended Complaint is filed by that date, the case shall be **CLOSED** without further court order;

5. Plaintiff is cautioned that the First Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).
[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87(1983).
[5] *Heck v. Humphrey*, 512 U.S. 477, 486-87.

claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated: April 27, 2021

Hon. Cathy Ann Bencivengo
United States District Judge