UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY et al.,<br><br>                              Defendants. | Case No.:  20cv2501-CAB-AHG<br><br>**ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [Doc. No. 19]** |

Pending before this Court is the Motion to Dismiss First Amended Complaint, filed by Defendants State of California, by and through the California Highway Patrol, Officer J. Jalomo, and Sergeant Matheson. [Doc. No. 19.]  For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL HISTORY

Plaintiff Carlos Peres, a non-prisoner, proceeding *pro se*, filed a complaint asserting various federal and state claims arising out of a traffic stop on October 25, 2020.  [Doc. No. 1.]  On March 5, 2021, Defendant County of San Diego (erroneously sued as San Diego County) filed a motion to dismiss Plaintiff's Complaint.  [Doc. No. 5.]  On March

5, 2021, Defendants State of California, by and through the California Highway Patrol, Officer J. Jalomo, and Sergeant Matheson (hereinafter the "CHP Defendants") filed a motion to dismiss.  [Doc. No. 6.]  On April 27, 2021, this Court issued an order granting in part and denying in part the motions to dismiss (the "April 27 Order").  [Doc. No. 15.] On May 24, 2021, Plaintiff filed a First Amended Complaint ("FAC").  [Doc. No. 16.]

On June 3, 2021, Plaintiff and County of San Diego filed a joint motion to dismiss the County of San Diego with prejudice.  [Doc. No. 17.]  On June 3, 2021, the Court granted the motion to dismiss the County of San Diego.

On June 7, 2021, the CHP Defendants filed a motion to dismiss the FAC.  [Doc. No. 19.]  On June 25, 2021, Plaintiff filed an opposition.  [Doc. No. 20.]  On July 6, 2021, CHP Defendants filed a reply.  [Doc. No. 22.]

ALLEGATIONS OF FIRST AMENDED COMPLAINT

Plaintiff contends that he is a private American national, who was exercising his constitutional right to travel in his vehicle on October 25, 2020 when he was pulled over without probable cause of a crime by defendant Officer J. Jalomo of the California Highway Patrol. [First Am. Compl., pp. 1-2, and 6; Doc. No. 16.] Mr. Perez asked for the reason for the stop, and Officer Jalomo informed plaintiff that he had been pulled over for speeding. [*Id*. at 2.] Mr. Perez alleges that Officer Jalomo used a confrontational tone and body language when speaking to him and informing him that he was not free to go. [*Id*.] Officer Jalomo requested Mr. Perez's driver's license and proof of insurance and issued a ticket and informed Mr. Perez that if he did not sign the ticket, he would be arrested and his property seized. [*Id*.]. Mr. Perez provided his identification under duress because Officer Jalomo had a deadly weapon and was being hostile/aggressive. [*Id*. at 3.]

Officer Jalomo requested that Mr. Perez step out of his vehicle because it was being impounded, and when he refused, Officer Jalomo called for backup. [*Id*.] An unknown officer then arrived at Mr. Perez's vehicle and opened the door with an intent to forcefully remove Mr. Perez from his vehicle. [*Id*. at 4.] Mr. Perez then got out of his vehicle so as not to be harmed by the officers. [*Id*.]

1   Officer Jalomo had Mr. Perez's vehicle towed.[1] [*Id*. at 4.] At an unspecified time,

2   defendant Sergeant Matheson arrived on scene and was aware of the actions of the two

3   officers but did nothing to remedy the officers' actions or behavior. [*Id*.]

DISCUSSION

4   A. Rule 12(b)(1).

5      1. Legal Standard.

6   A district court must dismiss an action if it lacks jurisdiction over the subject

7   matter of the suit. Fed. R. Civ. P. 12(b)(1). A complaint should be dismissed under Rule

8   12(b)(1) if there is no "case or controversy" within the meaning of that constitutional

9   term. *Baker v. Carr*, 369 U.S. 186, 198 (1962). For the federal court to have jurisdiction,

10  "a plaintiff must demonstrate standing separately for each form of relief sought."

11  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), *quoting Friends of the Earth,*

12  *Inc. v. Laidlaw Env't Servs. (TOC), Inc*., 528 U.S. 167, 185 (1983). "A Rule 12(b)(1)

13  jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d

14  1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations

15  contained in a complaint are insufficient on their face to invoke federal jurisdiction. By

16  contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

17  themselves, would otherwise invoke federal jurisdiction." *Id.*

18     2. Analysis.

19  Defendants argue the FAC should be dismissed for lack of subject matter

20  jurisdiction because, pursuant to Rule 8(a)(2) of the Federal Rules of Civil, a complaint

21  must contain "a short and plain statement of the claim showing that the pleader is entitled

22  to relief." [Doc. No. 19 at 10.] According to Defendants, Plaintiff has not sufficiently

23  alleged facts showing this Court has jurisdiction and, therefore, it should be dismissed

24  under Rule 41(b) of the Federal Rules of Civil Procedure. [*Id.*]  Specifically, Defendants

---

[1]According to the Vehicle Report attached to the first amended complaint, the vehicle was being towed due to the driver's license status being suspended. [Doc. No. 16 at 15.]

argue that it is Plaintiff's burden to allege that his claim is not precluded by various abstention doctrines.  [Doc. No. 19 at 11-12.]  However, some of those abstention doctrines are not jurisdictional.  *See e.g. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986)(*Younger*[2] abstention is a doctrine of equitable restraint, not a jurisdictional limitation).

Moreover, with regard to jurisdiction, Rule 8(a)(1) merely requires "a short and plain statement of the grounds for the court's jurisdiction."  There is no requirement that the complaint "show" jurisdiction exists.  *See* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2021), ¶ 9:77.14.  *See also Perry v. Merit Systems Protection Bd.*, 137 S. Ct. 1975, 1984 (2017)("[A] nonfrivolous allegation of jurisdiction generally suffices to establish jurisdiction upon initiation of a case.").

Here, Plaintiff has alleged federal question jurisdiction pursuant to 28 U.S.C. §1331, 1367 and 42 U.S.C. §1983.  [Doc. No. 16 at ¶25.]  This allegation is a sufficient "short and plain statement of the grounds for jurisdiction" to satisfy Rule 8.  Fed.R.Civ.P. 8(a)(1).  Therefore, Defendants <u>facial</u> attack on jurisdiction is **DENIED WITHOUT PREJUDICE** to being reasserted in a <u>factual</u> attack under an appropriate evidentiary motion.

B. Rule 12(b)(6).

1. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"— generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual

---

[2] *Younger v. Harris*, 401 U.S. 37, 49-53 (1971).

allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, id., or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

      2.  Analysis.

          a.  CHP.

As this Court previously ruled in the April 27 Order, the complaint (and the FAC) fails to state a claim against the CHP because it is a California state agency and is therefore immune from suit under the Eleventh Amendment.  [Doc. No. 15 at 5 (citations omitted).]  Therefore, the claims against the CHP are **DISMISSED WITHOUT LEAVE TO AMEND**.

          b.  Individual Defendants in Official Capacity.

As this Court also previously ruled, the complaint (and the FAC) fails to state a claim for damages under 42 U.S.C. §1983 against the individual CHP defendants in their official capacities, because neither states nor state officials acting in their official capacities are "persons" within the meaning of section 1983 when sued for damages. [Doc. No. 15 at 5 (citations omitted)].  Therefore, the section 1983 <u>damages</u> claims against any CHP officials acting in their <u>official</u> capacities are **DISMISSED WITHOUT**

**LEAVE TO AMEND.**

        c.  Sargeant Matheson.

The only allegations in the FAC against Sargeant Matheson are that as a supervisor, he was "then present" and was aware of the alleged unconstitutional actions of the officers but did nothing to remedy the officers' actions and behavior.  [Doc. No. 16 at 8-9.] These vague and conclusory allegations against Sargeant Matheson are not sufficient to state a cause of action.  *Iqbal*, 556 U.S. at 676-77.  Therefore, the claim against Sargeant Matheson (Count III) is **DISMISSED WITHOUT LEAVE TO AMEND.**

        3.  Counts IV, V, VI.

Plaintiff added Counts IV, V, and VI to the FAC in violation of Federal Rules of Civil Procedure 5(a)(2).  The original complaint asserted causes of action for unreasonable search and seizure, false arrest, failure to intervene, "state law claim executive order D-78-89," and unlawful trespass under both state and federal law. The Court's April 27 Order dismissed the state law claims without leave to amend, and gave Plaintiff leave to amend the remaining claims <u>only</u>.  [Doc. No. 15 at 6.]  The FAC includes three new claims, including a fifth amendment violation, deprivation of rights under 18 U.S.C. § 242[3], and intentional infliction of emotional distress[4]. The new claims were added without leave of court or defendants' written consent as required by Rule 15 of the Federal Rules of Civil Procedure.  Therefore, Counts IV, V and VI are **DISMISSED WITHOUT LEAVE TO AMEND**.

CONCLUSION

The motion to dismiss the FAC is granted in part and denied in part as set forth

---

[3] This claim also fails because section 242 is a criminal statute that does not provide a private right of action for civil liability.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)(citations omitted).

[4] The Court declines to reach the issue of whether Plaintiff complied with the California Government Claims Act.  Therefore, the request for judicial notice [Doc. No. 19-1] is **DENIED WITHOUT PREJUDICE.**

above.  The remaining defendant, Officer J. Jalomo, shall **answer** the FAC, as amended by this Order, by **August 31, 2021**.  Defendants CHP and Sergeant Matheson are **HEREBY TERMINATED** from the case.

      **IT IS SO ORDERED.**

Dated:  August 10, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge