UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PEREZ,<br><br>                              Plaintiff,<br><br>v.<br><br>J. JALOMO, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-02501-LL-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL, and**<br><br>**(2) GRANTING DEFENDANT'S ORAL MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 34]** |

Before the Court is Defendant J. Jalomo's ("Defendant") Motion to Compel. ECF No. 34. Defendant seeks an order from the Court compelling Plaintiff Carlos Perez ("Plaintiff"), who is proceeding *pro se*, to provide responses to various interrogatories and requests for production. *Id*. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to compel.

## I.  BACKGROUND

On February 9, 2022, Defendant alerted the Court that the parties had a discovery dispute. Email to Chambers (Feb. 9, 2022, at 9:40 AM). Specifically, Defendant noted that he had propounded written discovery to Plaintiff, with a deadline of January 4, and Plaintiff had not yet responded. *Id*. Defendant explained that he has been unable to reach Plaintiff, despite multiple emails and voicemails. *Id*. Additionally, Defendant sought to schedule Plaintiff's deposition on a mutually agreeable date, but similarly had not heard back. *Id*. Upon receipt of Defendant's email, court staff responded, adding a third email address known to be used by Plaintiff, and requested that Plaintiff respond to the email. Email from Chambers (Feb. 9, 2022, at 11:26 AM). When Plaintiff had not responded by the February 10 deadline, court staff left Plaintiff a voicemail on February 11. Court staff also sent a second email to Plaintiff, referencing the voicemail and requesting response. Email from Chambers (Feb. 11, 2022, at 10:24 AM). Plaintiff did not respond.

The Court found it appropriate to issue a briefing schedule, ordering that Defendant file his motion to compel by March 1, 2022; Plaintiff file his opposition by March 15, 2022; and Defendant file his reply by March 22, 2022. ECF No. 33. The Court also set a hearing on the motion to compel for March 29, 2022, at 9:00 a.m. via videoconference. *Id*.

Defendant filed the instant motion to compel on March 1, in accordance with the Court's deadline. ECF No. 34. Plaintiff did not file an opposition. On March 18, Defendant filed a Notice of Non-Opposition, reiterating that Plaintiff had not filed an opposition, which was served on Plaintiff by mail. ECF No. 35. On March 25 and March 28, court staff emailed Plaintiff reminders about the upcoming motion hearing, as well as the Zoom link. Email from Chambers (Mar. 25, 2022, at 5:47 PM); Email from Chambers (Mar. 28, 2022, at 5:15 PM). The Court held the motion hearing on March 29. ECF No. 36. Despite multiple attempts to reach him by phone and email, Plaintiff failed to appear. *Id*.; *see, e.g.*, Email from Chambers (Mar. 29, 2022, at 9:03 AM); Email from Chambers (Mar. 29, 2022, at 9:15 AM). After the hearing concluded, court staff emailed Plaintiff the minute entry, and sent him a copy by mail as well. Email from Chambers (Mar. 29, 2022, at 3:21 PM); *see*

ECF No. 36 ("Motion Hearing held on 3/29/2022 re [ECF No.] 34 Defendant's Motion to Compel. Plaintiff Carlos Perez failed to appear"). To date, Plaintiff has not responded. This order follows.

## II. DISCOVERY REQUESTS AT ISSUE

The specific discovery requests at issue in the instant motion are Set One of Defendant's Interrogatories Nos. 1–24 and Set One of Defendant's Requests for Production of Documents ("RFP") Nos. 1–12.[1] ECF No. 34-1 at 2, 5–10, 13–15. Defendant propounded these discovery requests on December 2, 2021. *Id*. at 10–11, 15–16. Plaintiff's responses were due on January 4, 2022.[2] *Id*. at 3, 5; *see* FED. R. CIV. P. 6(d) (adding 3 days when service is made by mail). When Plaintiff did not respond by the deadline, Defendant's counsel left voicemails for Plaintiff on January 31 and February 3, and emailed Plaintiff on January 31, February 3, and February 8. ECF No. 34 at 3; ECF No. 34-1 at 18–19. Plaintiff did not respond to Defendant's messages and did not serve any discovery responses.

## III. PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION TO COMPEL

Pursuant to this Court's briefing schedule, Plaintiff's opposition was due on or before March 15, 2022. ECF No. 33. To date, Plaintiff has not filed an opposition or notice of non-opposition, as required by this district's local rules. CivLR 7.1(f)(3)(a). Plaintiff

---

[1] In Defendant's email correspondence, his counsel indicated that she wanted to schedule Plaintiff's deposition. However, his deposition was never noticed, and Defendant does not seek to compel Plaintiff's deposition in the instant motion.

[2] The Court notes that though the Interrogatories served on Plaintiff set forth a 30-day response deadline, the RFPs served on Plaintiff do not set forth any deadline. *See* ECF No. 34-1 at 13. However, pursuant to Rule 34, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2)(A). Further, Plaintiff was made aware of this deadline in emails from defense counsel. ECF No. 34-1 at 18–19.

also failed to appear at the motion hearing. ECF No. 36. Civil Local Rule 7.1 provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). Since Plaintiff is proceeding *pro se*, the Court notified the parties of this local rule in its briefing schedule, which was mailed and emailed to Plaintiff on February 15, 2022. ECF No. 33 NEF; Email from Chambers (Feb. 15, 2022, at 3:55PM); *see also* ECF No. 33 (quoting CivLR 7.1(f)(3)(c)).

Since Plaintiff has failed to oppose Defendant's motion to compel, on this ground alone, the Court could grant the motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); *see, e.g.*, *Chambers v. Janssen Pharms., Inc.*, No. 16cv762-JAH-BLM, 2018 WL 2193356, at *3 (S.D. Cal. May 14, 2018) (granting defendant's motion to compel responses to interrogatories and RFPs because, "by failing to oppose Defendant's motion to compel, Plaintiff has consented to the granting of the motion").

Plaintiff's *pro se* status does not exempt him from the Court's deadlines or this district's local rules. "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Hupp v. San Diego County*, No. 12cv0492 GPC-RBB, 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014). Accordingly, parties who choose to represent themselves are expected to follow the rules of the court in which they litigate. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Carter v. Comm'r*, 784 F.2d 1006, 1008–09 (9th Cir. 1986)). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Dewidar v. Nat'l. R.R. Passenger Corp.*, No. 17cv62-CAB-RBB, 2018 WL 280023, at *3 (S.D. Cal. Jan. 3, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th

Cir. 1991)).

## IV. MERITS OF DEFENDANT'S MOTION

District courts have broad discretion to manage discovery. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). This discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *UMG Recordings, Inc. v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008).

Although the Court may grant Defendant's motion as unopposed, the Court shall briefly examine the merits so as not to compel improper discovery. *See, e.g.*, *Black Mountain Equities Inc. v. Players Network Inc.*, No. 18cv1745-BAS-AHG, 2020 WL 2097600, at *3 (S.D. Cal. May 1, 2020) (noting that the court could have granted plaintiff's motion to compel because the defendant failed to file an opposition, but opted to additionally address the merits of the motion).

Here, Defendant seeks to compel responses to Interrogatories Nos. 1–24 and RPF Nos. 1–12. The Court will address these in turn.

### A. Interrogatories

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442–43 (C.D. Cal. 1998). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am.*, Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco*, 181 F.R.D. at 445). Determining whether the subparts of an interrogatory are discrete requires a case-specific and interrogatory-specific assessment. *Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 295 (N.D. Cal. 2016).

Here, Defendant seeks to compel responses to Interrogatories Nos. 1–24. *See* ECF No. 34-2 at 5–10. Though seemingly below the 25-interrogatory limit, upon further review, the Court finds that certain requests have discrete subparts that exceed the limit. For example, Interrogatory No. 17 states: "If YOUR response to any Request for Admission, Set One, from defendant J. Jalomo is anything but an unqualified admission, please state all facts that support YOUR response to each such Request for Admission." ECF No. 34-1 at 8. Interrogatory No. 18 similarly seeks "identif[ication of] all persons which knowledge of facts that support YOUR response to each such Request for Admission" and Interrogatory No. 19 similarly seeks "identif[ication of] all DOCUMENTS that contain facts that support YOUR response to each such Request for Admission." *Id*. at 9. Though Defendant's motion does not include the number of Requests for Admission ("RFA") served, during the hearing, Defendant responded that he served 6 RFAs. ECF No. 36 at 03:01.

The Court deems each reference to a RFA response as a discrete subpart to Interrogatories No. 17–19.[3] *See Safeco*, 181 F.R.D. at 446 (denying motion to compel responses to interrogatories which sought explanation of RFA responses because they violated the numerical limit, explaining that "an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be

---

[3] The Court notes that the text of the RFAs served were not provided as exhibits to the instant motion. The Court's analysis, however, remains unchanged. *See Safeco*, 181 F.R.D. at 446 ("a strong presumption that each underlying request for admission constitutes a separately countable subpart should be adopted"); *see also id.* at 445 ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each [] request[] for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)").

construed as containing a subpart for each request for admission contained in the set.").

Thus, Interrogatories 17–19 each count as 6 interrogatories toward the 25-request limit. As such, for the reasons set forth in the hearing, the Court **GRANTS** Defendant's motion to compel as to Interrogatories Nos. 1–16, and **DENIES without prejudice** Defendant's motion as to the subject matter of Interrogatories No. 17–22. Defendant may re-serve requests that were not compelled, as long as the total does not exceed the 25-interrogatory limit.

### B. Requests for Production

Defendant seeks to compel responses to RFP Nos. 1–12. The Court has reviewed the production requests and finds them relevant and proportional. However, RFP No. 6 seeks "DOCUMENTS identified in YOUR response to Interrogatory Number 19 from defendant J. Jalomo." ECF No. 34-1 at 14. Since the Court is not compelling a response to Interrogatory No. 19 at this time, RFP No. 6 is not applicable. Thus, the Court **GRANTS** Defendant's motion to compel as to RFP Nos. 1–5 and 7–12, and **DENIES without prejudice** Defendant's motion as to RFP No. 6.

### C. Discovery Deadlines

During the hearing, in light of counsel's preference to take Plaintiff's deposition after receiving discovery responses, Defendant made an oral motion to extend the fact discovery cutoff date. ECF No. 36 at 05:34. Good cause appearing, the Court **GRANTS** Defendant's oral motion. The Court will extend the case management deadlines in a separately filed amended scheduling order.

### V. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Defendant's motion to compel as follows:

1. The Court **ORDERS** that Plaintiff serve responses to Interrogatory Nos. 1–16 by **July 8, 2022**.

2. The Court **ORDERS** that Plaintiff serve responses to RPF Nos. 1–5 and 7–12 by **July 8, 2022**.

3. The Court reminds Plaintiff of his obligations to respond to discovery in this case. *See* Fed. R. Civ. P. 37(b)(2)(A).

**IT IS SO ORDERED.**

Dated: June 22, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge